**Commonwealth o Massachusetts**
**MIDDLESEX   SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**Woburn**

## Docket#2181CV00679

I, C. Andrew Johnson, Deputy Assistant Clerk of the Superior Court, Within and for said County

of Middlesex, do certify that the annexed papers are true copies made by photographic process of

pleadings in **2181CV00679** entered in the Superior Court on the **26th** day of **March** in the year of our Lord 2021**.**

In testimony whereof, I hereunto set my hand and affix seal of said Middlesex Superior Court at

Woburn in said county, this **9th** day **of June**, in the year of our Lord **Two Thousand Twenty-One.**

C. Andrew Johnson
Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 2181CV679

**RECEIVED**

3/26/2021

DANTE A. DIFRONZO

V.

CITY OF SOMERVILLE, MAYOR JOSEPH CURTATONE, CHIEF DAVID FALLON,
CAPTAIN BERNARD COTTER

---

## COMPLAINT

---

## INTRODUCTION

This is an action brought under 42 U.S.C. §1983 for deprivation of liberty and property interests in violation of the First, Fifth and Fourteenth Amendments to the U.S. Constitution and related tort claims including defamation and wrongful termination. The action is brought by Dante DiFronzo ("Detective DiFronzo" or "Plaintiff") who previously served as a Detective within and for the Somerville Police Department. The Defendants, individually and/or collectively, knowingly and/or wrongfully attempted to and did interfere with Plaintiff's employment contract by retaliating against him and wrongfully terminating his employment and denying him Due Process of law as a result of conducting a flawed investigation, intentionally distorting, ignoring and/or withholding critical exculpatory evidence beneficial to the Plaintiff.

As a consequence of their actions, the Defendants wrongfully terminated the employment of the Plaintiff and thereafter defamed and slandered the Plaintiff and held him up to ridicule and scorn within his community. The Defendants' interference with Plaintiff's contractual relationship was wrongful and intentional and done through improper motives and means so as to cause Plaintiff to sustain harm and damages as a result of their actions. As a result of said actions, the Plaintiff has sustained significant financial damages and suffered emotional distress. The Plaintiff brings claims for violations of the common law as well.

## PARTIES

1. The Plaintiff, Dante DiFronzo, is an individual residing in Somerville, Middlesex County, the Commonwealth of Massachusetts.

2. The Defendant, City of Somerville, is a public employer within the meaning of <u>Massachusetts General Laws, Chapter 258, §1, et seq.,</u> and at all times herein relevant operated through its agents, servants and employees of the Somerville Police Department

3. Defendant Joseph Curtatone was at all relevant times the elected Mayor of the City of Somerville and is sued in both his individual and official capacities.

4. Defendant David Fallon was at all relevant times, the Chief of Police for the Somerville Police Department and is sued in both his individual and official capacities.

5. Defendant Bernard Cotter was at all relevant times, a Captain in the Somerville Police Department and is sued in both his individual and official capacities.

## FACTUAL ALLEGATIONS

6. The Plaintiff, Dante DiFronzo was born and raised in Somerville. He has lived in Somerville for fifty-one years.

7. The Plaintiff went to St. Clements grammar school in Somerville and then to Malden Catholic High School.  He obtained a political science degree from the University of Massachusetts at Boston, and a Masters' Degree in criminal justice from Anna Maria College.

8. The Plaintiff is married to his wife Nicole DiFronzo. They have three daughters aged 13, 15, and 16.

9. Because of his long-standing personal and familial relationship with the City of Somerville, the Defendants' wrongful termination of the Plaintiff has had a devastating impact on both the Plaintiff and his family.

10. The Plaintiff was hired as a police officer for the City of Somerville on November 14, 2008.  He entered the Boston Police Academy on December 8, 2008 and completed his academy training in July 2009.

11. Upon graduation from the police academy, the Plaintiff began patrol duties with the Somerville Police Department ("SPD") and underwent a seven-week field training program.  The Plaintiff received firearms training, CPR training and defensive tactics training.

12. The Plaintiff initially worked within the patrol division for approximately three years and was involved in a critical incident early in his career. As a result of the Plaintiff's response to this incident he received a Medal of Honor, Medal of Valor, Purple Heart, and life-saving medal from the Somerville Police Department (Hereinafter "SPD").

13. In early 2011, Defendant David Fallon recruited the Plaintiff to apply for a position within the Detective Bureau. Somerville Police Officers are promoted into the Detective Bureau by application/oral board selection which is reviewed and voted upon within the Department by two Superior Officers and two Union E Board Police Officers.

14. The SPD Detective Bureau has a Family Services Division, Narcotics Division, School Resources detective, an evidence detective, a juvenile detective and a general Detectives Division.

15. The Plaintiff was assigned to "CID" Criminal Investigations Division in October 2011.

16. As a part of his detective duties, the Plaintiff attended daily internal meetings within the Detective Bureau and would also attend regular meetings with other detective agencies within the area, called "impact players meeting."

17. Despite the wide-spread use of confidential informants and street sources within the Somerville Detective Bureau, the Defendants did not provide any formal training to the Plaintiff regarding the use of "confidential informants" or "street sources" prior to or during his assignment to the Detective Bureau.

18. By January 2015, the Plaintiff begun to use "street sources" as an integral part of his job. He had learned to do so from other senior detectives who were routinely using street sources as well.

19. Law enforcement routinely recognizes the distinction between confidential informants and street sources.

20. The information obtained from an identified "confidential informant" is kept confidential to protect the identity of the person. Their identify is not shared outside of law enforcement, including prosecutors.

21. In addition to confidential informants, the Somerville Police Department routinely employed the use of "street sources" as a means of obtaining information regarding criminal activity.

22. While formally identified "confidential informants" are required to be registered by the Department's internal Rules and Regulations, neither the Defendant David Fallon nor the Department had any formal or written policy regarding the use of so-called "street sources."

23. Although the Department was fully aware that most "street sources" tended to be criminals themselves, they actively encouraged the use of them as sources of information.

24. Despite their obvious potential for criminal activity by "street sources," the SPD provided no formal oversight of the use of "street sources" by officers.

25. Neither the City nor Defendant David Fallon ever issued a policy that indicated how "street sources" were to be used or what procedure to be followed in the event of discovery of potential criminal activity by street sources.

26. Jonathan Machado ("Machado") was a "street source" known to the Plaintiff.

27. The Plaintiff had investigated Mr. Machado previously for various crimes committed within the City.

28. The Plaintiff's first encounter with Jonathan Machado occurred in 2013. At that time, Detective DiFronzo was assigned to investigate a breaking and entering at the Central Convenience Store located on Mystic Avenue in Somerville.

29. Detective DiFronzo investigated and charged Jonathan Machado and his co-conspirator, Jared Hiltz, with breaking and entering in the nighttime and conspiracy after investigating that incident. Ironically, Detective DiFronzo used street sources in that investigation which ultimately led to the arrest and prosecution of Mr. Machado and Mr. Hiltz.

30. In December 2014, Defendant David Fallon approached Detective DiFronzo and advised him of several motor vehicle breaking and entering incidents, one of which had resulted in the theft of a Somerville Police Officer's badge and ballistic vest.

31. Given the importance of the recovery of the badge and ballistic vest, Defendant David Fallon specifically asked Detective DiFronzo to utilize his resources in the street and investigate the theft of the Somerville Police Officer's stolen equipment.

32. The Plaintiff used other "street sources" to identify the suspect involved in the theft, who turned out to be Jonathan Machado.

33. Detective DiFronzo subsequently went to Mr. Machado's location, spoke with Mr. Machado and approximately two hours later, Machado produced the stolen badge and ballistic vest. Machado was never charged with that offense.

34. Detective DiFronzo immediately reported his actions regarding the investigation of Machado and recovery of the badge and ballistic vest to Defendant David Fallon. The Plaintiff also reported the incident to the crime analyst and entered his police report into the Department's reporting system.

35. Neither Defendant David Fallon nor any other supervisor told Detective DiFronzo that he should not have used street sources or handled the investigation in the manner that he did.

36. On February 24, 2015, Detective DiFronzo began a lengthy investigation of a home invasion that had occurred at 12 Kilby Street, Apartment #3, Somerville.

37. One of the suspects, later identified as Mario Mestanza Moran, had entered the apartment wearing a mask, brandishing a gun, demanding money and "weed."

38. As a result of the investigation, Mario Mestanza Moran was subsequently arrested by the Plaintiff for the Kilby Street home invasion that occurred on February 24, 2015.

39. Another witness reported to Plaintiff that the second person involved in the Kilby Street home invasion was "Sonny Mendoza, who resides at 12A Kilby Street, Apt. #2.

40. The same witness stated that another person identified as "Henry" had robbed Jonathan Machado of a quantity of marijuana.

41. The Plaintiff had a conversation with Jonathan Machado on February 28, 2015 and learned that the person responsible for the breaking and entering that occurred at 12 Kilby Street, Apartment #3 on February 27, 2015 was Henry Alvarez.

42. Mr. Machado stated that he was upset with Mr. Alvarez for stealing his "weed" the night before and he intended to cause Alvarez harm. The Plaintiff warned Machado on several occasions not to harm Alvarez because if he did, the Plaintiff stated, "I'll lock you up."

43. At no time did the Plaintiff ever encourage or suggest the use of force by Jonathan Machado against Henry Alvarez, let alone the idea of a home invasion.

44. To the contrary, once the Plaintiff, learned of the assault on Henry Alvarez, he investigated the matter and personally arrested Jonathan Machado on March 24, 2015 for the home invasion and assault upon Mr. Alvarez.

45. Based upon the information obtained by the Plaintiff's investigation, Jonathan Machado subsequently pled guilty to several offenses including the assault and home invasion upon Mr. Alvarez and is currently incarcerated.

46. During the latter part of his employment as a Detective, the Plaintiff has become an outspoken and public critic of the Defendants, Mayor Joseph Curtatone, Chief David Fallon and Captain Bernard Cotter.

47. At various points in his career with the Somerville Police Department, the Plaintiff became personally aware of this either illegal, or at a minimum, unethical conduct on the part of the Defendant Curtatone as well as members of the Department that involved promotions made by the Defendant Curtatone based upon political favor.

48. Additionally, the Plaintiff also publicly spoke of the Defendants' failure to discipline members of the Department whose conduct was either illegal or at a minimum unethical and in clear violation of Department Rules and Regulations.

49. This illegal conduct included actions on the part of members of the Department who were either related to and/or political supporters or friends of the Defendant Curtatone.

50. On October 30th, 2017 the Plaintiff delivered a letter to Mayor Curtatone, complaining about the issues of corruption within the Somerville Police Department.

51. On November 27, 2017 the Plaintiff delivered correspondence to Mayor Curtatone regarding issues of what he reasonably believed to involve public corruption.

52. On December 7, 2017, the Plaintiff delivered correspondence to the Public Corruption Unit of the Massachusetts Attorney General's Office stating his reasonable belief that the Defendants had engaged in issues of public corruption.

53. Prior to his correspondence to the Public Corruption Division, the Plaintiff had both verbally, and in writing, stated similar allegations of what he reasonably believed to be corruption and unethical political favoritism on the part of the Defendants Curtatone and Fallon.

54. The Plaintiff's actions, speech and allegations embarrassed the Defendants and cast the Plaintiff in a negative light with both Defendants, who sought to retaliate against the Plaintiff for speaking out publicly on these issues.

55. The Defendants' retaliatory animus resulted in an investigation of the Plaintiff for an incident involving one of Plaintiff's "street sources," Jonathan Machado.

56. On September 26, 2016, then Captain Michael Cabral received a call from Nicole Allain from the Middlesex County District Attorney's Office ("MDAO") regarding text messages between the Plaintiff and Jonathan Machado obtained from Machado's cell phone.

57. Captain Cabral met with Ms. Allain and Trooper Kevin Hart, who advised Cabral about the content of text messages he had read between the Plaintiff and Jonathan Machado.

58. On September 29, 2016, Captain Cabral subsequently met with the Plaintiff and advised him he would be put on paid administrative leave and that he (Cpt. Cabral) would be conducting an investigation of the matter with a set of written questions.

59. Captain Cabral initially prepared a set of written questions to be submitted to the Plaintiff at the direction of Chief Fallon and shared them with Ms. Allain, the Chief and two Deputy Chiefs.

60. However, Captain Cabral was later told the questions he had prepared would not be used because the "MDAO" was going to conduct their own investigation.

61. On September 29, 2016, the Defendants placed the Plaintiff on administrative leave from his position as Detective with the Somerville Police Department pending the outcome of the MDAO's investigation.

62. However, as stated more fully below, the Defendants never investigated the matter or interviewed percipient witnesses regarding how the assault upon Mr. Alvarez had occurred.

63. During the six months between September 2016 to March 2017, no record exists or has been produced as to what, if any, "investigation" was ever conducted by the MDAO or the Defendants.

64. To this date, the Defendants have produced no evidence as to what the MDAO did to "investigate" the Plaintiff.

65. Significantly, the MDAO never charged the Plaintiff with any criminal offense and subsequently forwarded the matter to the Attorney General's Office for their review based upon a purported conflict of interest.

66. The Attorney General's office also declined to charge the Plaintiff with any criminal offense.

67. On March 17, 2017, the MDAO sent a so-called "Brady Letter" via email to Deputy Paul Trant at the Somerville Police Department.

68. The MDAO Brady Letter stated as follows:

*Now comes the Commonwealth pursuant to Mass. R. Crim. P. 14 and hereby notifies the defendant of potentially exculpatory information. During the course of an investigation into a home invasion, we learned the following facts. On February 28, 2015, Somerville Police Detective Dante DiFronzo spoke with a confidential informant ("CI"). The CI told Detective DiFronzo that an individual ("the Individual") had recently stolen marijuana from him. Detective DiFronzo knew that the CI had a violent criminal past and that the CI was looking for the Individual. The CI told Detective DiFronzo that he intended to harm the Individual. Detective DiFronzo, with this knowledge, actively assisted the CI in locating the Individual by providing information to the CI regarding the Individual's whereabouts. After receiving this information from Detective DiFronzo, the CI participated in a home invasion on March 2, 2015, in which the Individual was stabbed multiple times with a machete requiring hospitalization and surgeries.*

69. Both the MDAO's Brady letter and Defendant Cotter's report imply that the Plaintiff provided Jonathan Machado with Mr. Landaverde's residential address on Alston Street, Somerville and that Machado then went directly to that address and participated in a home invasion and subsequently assaulted Alvarez.

70. Had the Defendants performed an objective investigation they would have determined that nothing could be further from the truth. Defendant Cotter never attempted to interview victims Henry Alvarez and/or Raul Landaverde prior to reaching his conclusions that the Defendants used to form the basis for the Plaintiff's termination.

71. Had Defendant Cotter interviewed either party or witness to these events he would have determined that on the date of this assault, Jonathan Machado and his accomplice observed Henry Alvarez walking on Highland Avenue, Somerville in the area of the Somerville Public Library.

72. When Mr. Alvarez was subsequently interviewed by Somerville Detective Pulli, Mr. Alvarez stated that he was walking in the area of the Somerville Public Library, approximately .4 miles from his friend, Raul Landaverde's residence located at 11 Alston Street.

73. Similar to Mr. Alvarez and Mr. Landaverde, neither Mr. Machado nor his accomplice in the assault/home invasion on Alverez/Landaverde were ever interviewed by Defendant Cotter.

74. Had Defendant Cotter done so, Mr. Machado would have informed him that on the date of this incident (March 2, 2015), Machado was living with his girlfriend at 9 Greenville Street, Somerville, approximately one block from the Somerville Public Library.

75. If he had interviewed any witnesses, Defendant Cotter would have learned that Mr. Machado's encounter with Mr. Alvarez near the Public Library's location was not planned and did not occur as a result of any information provided to him by the Plaintiff.

76. Prior to the Grand Jury proceedings for this incident, Mr. Alvarez and Mr. Landaverde stated to Detective Pulli and ADA Dan Herron, during separate interviews, that Mr. Alvarez was in the area of the Somerville Library on Highland Avenue attempting to access the free WIFI available from the library when he observed two unknown males (Mr. Machado and his accomplice) walking toward him on the opposite side of Highland Avenue.

77. Mr. Alvarez stated that the two unknown males then crossed Highland Avenue and started coming toward him. As they approached, Mr. Alvarez fled and began to run away from the two unknown males toward McGrath Highway.

78. Neither Defendant Cotter nor the MDAO's Brady letter indicate that Mr. Machado and his accomplice first observed Mr. Alvarez walking on Highland Avenue in the area of the public library and a short distance from where Machado was living with his girlfriend at 9 Greenville Street, Somerville.

79. Neither Defendant Cotter nor the MDAO Brady letter stated that Mr. Machado chased Mr. Alvarez for nearly half a mile, across Route 28 to the eventual scene of the crime located at 11 Alston Street, Somerville (Landaverde's residence).

80. The McGrath Highway (Route 28) is a six-lane divided road and part of the route that Mr. Alvarez traveled from the Public Library to Alston Street.

81. Defendant Cotter's "investigation" and subsequent testimony falsely created the scenario that the Plaintiff deliberately gave Mr. Machado the residential address of Henry Alvarez and that Machado then went directly to that location and attacked Mr. Alvarez.

82. Defendant Cotter's flawed investigation was fully supported by Defendants Fallon and Curtatone, despite the fact that other members of the Somerville Police Department possessed clearly exculpatory information regarding the true basis for the encounter between Mr. Machado and Mr. Alvarez near the Somerville Public Library.

83. Despite the issuance of the so-called Brady letter, the Plaintiff was subsequently subpoenaed to testify as a witness and examined by an Assistant District Attorney from the MDAO in the criminal matter of Commonwealth v. Ngumba.

84. The Plaintiff was not impeached or disqualified from providing his sworn testimony in that matter by either the Commonwealth or defense counsel as a result of the MDAO's Brady letter or for any of the allegations identified in the Brady letter.

85. As a result of the Brady letter, the Plaintiff received correspondence from Chief Fallon on May 31, 2017, notifying the Plaintiff that the City intended to terminate his employment based solely upon the issuance of the Brady letter by the MDAO.

86. Both of the Defendants, Chief Fallon and Captain Cotter, have subsequently stated that they did not know what policies or standards were applied to the MDAO's issuance of this Brady letter.

87. At the time of the notice of intention to terminate the Plaintiff on May 31, 2017, the Somerville Police Department had at least five other active members of the Department who has previously received the same so-called "Brady" letter for alleged inappropriate conduct.

88. The Department has never sought to discipline, investigate. let alone terminate the employment of those other five Somerville officers who had also received Brady letters from the MDAO or other law enforcement agencies.

89. Upon receipt of the Brady letter, Defendant Chief Fallon handpicked Defendant Cotter, who had recently been promoted to the rank of Captain to conduct an "independent" investigation of the Plaintiff regarding the Brady Letter.

90. Although he was an experienced police officer, Defendant Cotter's "investigation" inexplicitly, did not consist of a single interview of any witness except for Detective DiFronzo, who had to insist that he be interviewed.

91. The Plaintiff avers that Captain Cotter intentionally ignored exculpatory evidence and potential sources of information, including known witnesses to the underlying incident involving Jonathan Machado and Henry Alvarez.

92. It should have been clear to Defendant Cotter, based upon the Plaintiff's texts with Machado, that Detective DiFronzo was actively looking for Henry Alvarez and simultaneously cultivating information about the crimes committed at 12 Kilby Street.

93. It is important to note that Henry Alvarez was subsequently charged by the Plaintiff and pled guilty for the crime of breaking and entering that occurred on February 27, 2015 at 12 Kilby Street, Apartment #3. (See previous paragraphs 39-42)

94. Despite the obvious professional responsibilities associated with being a Detective, the Defendants charged the Plaintiff with "improper associations" based upon his use of Machado as a "street source."

95. The Defendants presented no evidence whatsoever that Detective DiFronzo ever received any form of *quid pro quo* or personal gain from twenty-year-old Jonathan Machado.

96. To the contrary, it was entirely through the efforts of the Plaintiff that Machado was ultimately arrested and charged with the home invasion and assault upon Mr. Alvarez.

97. The Plaintiff's termination was publicly announced on May 8, 2018, as a result of the written findings and conclusions issued by Hearing Officer Peter Berry, who was selected solely by Mayor Curtatone without imput from the Plaintiff or his union attorney.

98. The Defendants, Mayor Curtatone and Chief Fallon, took the opportunity of the Plaintiff's termination to release their personal invective toward the Plaintiff by providing the Boston Globe and other media sources with written statements and quotes designed to hold the Plaintiff up to scorn and ridicule in his community and among family and friends.

99. The Defendant Mayor Curtatone was fully aware that the Plaintiff had previously voiced his concerns, on numerous occasions, regarding the promotion of Somerville Police Officers with prior criminal as well as disciplinary histories, including Defendant Curtatone's first cousin, former Somerville Police Officer Alex Capobianco.

100.     Officer Capobianco had been previously fired from the department in 2003 by former Mayor Dorothy Gay over drug allegations but was reinstated upon the election of Defendant Mayor Curtatone.

101.     Capobianco was subsequently placed on *paid leave* from the Somerville Police Department for more than a year over allegations of illegal drug possession and passing counterfeit bills before retiring in 2017.

102.     The failure of the Defendants Mayor Curtatone and Chief Fallon to investigate Capobianco's conduct and his subsequent retirement were the subject of public issues raised by the Plaintiff.

103.     The Plaintiff specifically requested, on several occasions, that an investigation be conducted by an outside agency of Alex Capobianco and Defendant Mayor Curtatone's relationship.

104.     The Plaintiff also publicly complained about the Defendants' ongoing practice of promoting members of the Department who had previously identified issues of untruthfulness and serious disciplinary history, including Somerville Sgt. Kiely.

105.     Sgt. Kiely had been issued a Brady letter by the MDAO in 2006.

106.     The Plaintiff's protected actions resulted in the City of Somerville Board of Aldermen's refusal to approve Sgt. Michael Kiely's promotion to the rank of Lieutenant.

107.     The disparity of treatment between the Plaintiff and those politically connected officers was further demonstrated when the Defendants wrongfully terminated the Plaintiff for allegedly violating his use of a "street source" to solve a felony home invasion committed by Jonathan Machado.

108.     At the Appointing Authority hearing the City called Captain Cabral, Defendants Cotter and Chief Fallon. The City did not call Trooper Kevin Hart at either the local hearing or the Arbitration hearing, nor did Captain Cotter interview Trooper Hart. The City did not call ADA Nicole Allain, nor did Captain Cotter interview Ms. Allain.

109.     As stated, Defendant Curtatone terminated the Plaintiff's employment in a public manner by releasing highly negative and inflammatory false information to the Boston Globe and other media sources.

110.     Defendants Curtatone and Fallon have both deliberately caused the Plaintiff incredible embarrassment and humiliation before his peers, family and coworkers, all of whom have read and/or been privy to the reckless and palpably false public comments made by the Defendants.

111.     Specifically, Defendant Joseph Curtatone, on May 8, 2018, sent a news release to the media that resulted in the following headline being published on the front page of the Boston Globe.

**"Detective Accused of Helping Drug Dealer No Longer Part Of SPD."**

112.     The above headline was based upon a news release Defendant Curtatone provided to the media about the Plaintiff's termination, in which Mayor Curtatone was quoted in the Boston Globe article as stating the following:

> "The residents of Somerville must have confidence that the sworn men and women of the Somerville Police Department will not only protect public safety but also discharge their duties with the utmost integrity," Curtatone said in a

statement. "As mayor, I have a duty to maintain that excellence by holding accountable officers who violate the department's standards of conduct."

113.    The Plaintiff alleges that the means and manner of the release of this information and false statements by Defendant Curtatone was done purposely, and with the specific intent to cause the Plaintiff emotional distress, which he has continued to endure since his wrongful termination.

114.    The Plaintiff further alleges that the false and defamatory public statements made by Defendant Curtatone to the Boston Globe and other media outlets were retaliatory and done with the specific purpose of inflicting emotional harm on the Plaintiff and his family in retaliation for the Plaintiff's request of an investigation into the illegal promotions and favored treatment of persons who were politically connected to Mayor Curtatone.

115.    On April 30, 2018, in a second Boston Globe article, Defendant Chief David Fallon was attributed the following statement,

*"But city Police Chief David R. Fallon said DiFronzo's actions were tantamount to a crime and he should be fired, according to transcripts of a disciplinary hearing earlier this month."*

116.    In the same article, Defendant Curtatone said, "DiFronzo's lawyers used the prosecutors' absence to try to weaken the case to the hearing officer, who is an attorney appointed by the Mayor to determine whether DiFronzo should be fired."

117.    By his statements, Defendant Chief Fallon falsely and maliciously accused the Plaintiff of committing a crime, which he knew to be untrue. Fallon stated:

*"Fallon said at the hearing he believed DiFronzo's actions amounted to acting as an accessory to a crime."*

118.    The Plaintiff did not commit, nor was he ever charged with any criminal offense. It is important to note that both the MDAO and the AGO had the ability to prosecute the Plaintiff, if he had in fact committed a crime. They did not do so.

119.    Likewise, the Defendant Chief Fallon, as an experienced police officer, had the authority, if not the obligation, to initiate criminal charges against the Plaintiff if he truly believed probable cause existed to do so.

120.    Defendant Chief Fallon also used the media exposure to exploit a false narrative that the Plaintiff had actively encouraged a "street source" to assault a drug dealer.

121.    The Plaintiff's reputation within the City of Somerville and the law enforcement community at large, prior to his termination, had been impeccable. The Plaintiff had been awarded the Somerville Police Officer of the Year on two separate occasions.

122.     The Defendants, Fallon and Curtatone, by their actions and speech, deliberately and maliciously, falsely accused the Plaintiff of criminal conduct, holding the Plaintiff up to ridicule and scorn within the Somerville and law enforcement communities at large, and effectively preventing him from obtaining employment as a law enforcement officer.

123.     The Plaintiff appealed his wrongful termination under the terms of the Somerville Police Union's collective bargaining agreement with the City.

124.     The Plaintiff avers that the Defendants wrongfully terminated the Plaintiff's employment for his alleged wrongful conduct that was actually consistent with longstanding standard operating procedure within the Somerville Police Department.

125.     The Plaintiff's supervisors, Defendants Chief Fallon and Captain Cotter, were fully aware of the complex relationship that existed between members of the Detective Bureau and their "street sources." None of the Plaintiff's supervisors had ever questioned or overruled any actions taken by the Plaintiff.

126.     The Plaintiff further alleges that the Defendants deliberately ignored and failed to otherwise investigate additional exculpatory evidence that was brought to their attention by the Plaintiff and his Union attorney before and during the proceedings of his termination hearing.

127.     A small sampling of the Defendants failures to investigate or present evidence from material witnesses includes, but is not limited to, the following: Failure to interview any percipient witnesses; failure to include and deliberately ignoring exculpatory evidence; deliberately excluding portions of the Plaintiff's text communications; falsely testifying during both the Appointing Authority and Arbitration hearings.

128.     The Plaintiff alleges that this exculpatory information provided to the Defendants would have further exonerated the Plaintiff and voided his termination, had the Defendants chosen to objectively investigate it further.

129.     The Plaintiff's termination was not only done without just cause, but also without the benefit of Due Process.

130.     The Plaintiff's wrongful termination became a significant media event in which Detective DiFronzo was cast in the light of a rogue police Detective that was financially benefitting from his relationship with a "street source." The damage done to the Plaintiff's reputation by his wrongful termination and media exploitation by the Defendants continues to this day.

131.     Since his termination, the Plaintiff has suffered ongoing public criticism and ridicule that has caused both him and his family extreme emotional distress.

132.     Since his wrongful termination, the Plaintiff has also been unable to secure full time employment in his chosen field of law enforcement. The Plaintiff remains unemployable as a result of the stigma of his wrongful termination by the Defendants.

133.     It is important to note that several of the Plaintiff's previous supervisors who knew him and who were familiar with the Department's use of "street sources" have testified during the Arbitration hearing that the Plaintiff should never have been fired and was a valuable asset to the Somerville Police Department.

134.     The Somerville Police Union contract provides, in part, that all disputes, claims or questions pertaining to the interpretation of the contract or the performance by either party of its obligations thereunder shall be submitted to arbitration in accordance with provisions then obtaining of the American Arbitration Association, and the agreement shall be specifically enforceable under the prevailing arbitration law, and judgment upon the award entered may be entered in the court or forum, state or federal, having jurisdiction.

135.     The arbitration of the Plaintiff's termination was overseen by the American Arbitration Association and an arbitrator was appointed.

136.     The Arbitration of the Plaintiff's termination was conducted over 15 days and the Arbitrator's decision is currently pending.

## COUNT I

Federal Civil Rights Violation Pursuant to 42 U.S.C. Section 1983)
(Against Defendants Joseph Curtatone, Chief David Fallon and Captain Bernard Cotter)

137.     The Plaintiff hereby restates and incorporates by reference all of the previous allegations made in the above stated paragraphs in this complaint.

138.     In relation to the illegal and improper actions set forth above depriving Plaintiff of his property and liberty interests without due process of law, which actions were taken by Defendants acting under color of state law in depriving Plaintiff of his rights under the First, Fifth and Fourteenth Amendments to the United States Constitution not to be deprived of freedom of speech, and/or liberty or property interests without due process of law.

139.     By engaging in these improper actions contrary to Plaintiff's constitutional rights, Defendants have violated 42 U.S.C. § 1983. The Defendants actions in violation of 42 U.S.C. §1983 set forth herein have caused injury to Plaintiff in the form of financial and emotional distress damages.

WHEREFORE, Plaintiff demands that this Court enter Judgment in his favor and against Defendants Joseph Curtatone, as well as the Defendants David Fallon and Bernard Cotter in an

amount to be determined by this Court, including monies to compensate him for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorney's fees and such other further relief that this Court deems just and proper.

## COUNT II
### IMPROPER INTERFERENCE WITH CONTRACTUAL RELATIONSHIP
### v. ALL DEFENDANTS

140.    The Plaintiff hereby restates and incorporates by reference all of the previous allegations made in the above stated paragraphs in this complaint.

141.    At all relevant times herein, Plaintiff had specific written and/or implied terms of employment with the City of Somerville. The Defendants, collectively and separately, have knowingly and/or wrongfully attempted to and did interfere with Plaintiff's employment contract by denying him Due Process of law as a result of conducting a flawed investigation, intentionally distorting, ignoring and/or withholding critical exculpatory evidence beneficial to the Plaintiff. The Defendants' interference with Plaintiff's contractual relationship was wrongful and intentional and done through improper motives and means so as to cause Plaintiff to sustain harm and damages as a result of their actions. As a result of said actions, the Plaintiff has sustained significant financial damages and suffered emotional distress.

WHEREFORE, Plaintiff demands judgment against all Defendants in an amount this Court deems just and appropriate with interest, cost of this action including attorneys' fees.

## COUNT III
### IMPROPER INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP
### v. All Defendants

142.    The Plaintiff hereby restates and incorporates by reference all of the previous allegations made in the above stated paragraphs in this complaint.

143.    At all relevant times herein, Plaintiff had specific written and/or implied terms of employment with the City of Somerville. The Defendants knowingly and/or wrongfully attempted to and did interfere with Plaintiff's employment contract. The Defendant's interference with Plaintiff's contractual relationship was wrongful and intentional and done through improper motives and means so as to cause Plaintiff to sustain harm and damages as a result of their actions. The Defendants knew of and failed to properly investigate exculpatory evidence brought to their attention. As a result of said actions, the Plaintiff has sustained significant damages as further described above.

WHEREFORE, Plaintiff demands judgment against all Defendants in an amount this Court deems just and appropriate with interest, cost of this action including monies to compensate him for lost pay, lost benefits, emotional pain and suffering, loss of reputation,

interest, costs, attorney's fees, and such other and further relief that this Court deems just and proper.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### v. All Defendants

144.    The Plaintiff hereby restates and incorporates by reference all of the previous allegations made in the above stated paragraphs in this complaint.

145.    As evidenced and stated above, the conduct of the Defendants, including but not limited to Defendants Joseph Curtatone and David Fallon toward the Plaintiff was extreme in degree and outrageous in character, resulting in the intentional and reckless infliction of emotional distress upon Plaintiff.

146.    By their actions as stated above, the Defendants intended to inflict, and did inflict emotional distress on Plaintiff or knew or should have known that emotional distress was a likely result of their conduct.

147.    Defendant's conduct as alleged above was extreme and outrageous, beyond all possible bounds of decency and was utterly intolerable.

148.    The outrageous actions of the Defendants were the cause of Plaintiff's distress, and the emotional distress sustained by the Plaintiff is of a nature that no reasonable person could be expected to endure.

149.    As a result of the outrageous actions of the Defendants, Plaintiff was caused to suffer emotional injuries and damages.

WHEREFORE, Plaintiff demands judgment against all Defendants in an amount this Court deems just and appropriate with interest, cost of this action including attorneys' fees.

## COUNT V
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY UNDER
## MASSACHUSETTS LAW (TORT)
### v. ALL DEFENDANTS

150.    The Plaintiff hereby restates and incorporates by reference all of the previous allegations made in the above stated paragraphs in this complaint.

151.    At all relevant times, the Plaintiff had contractual employment rights, together with the expectation of continued employment as a member of the Somerville Police Department.

152.    The Defendants, individually and collectively, wrongfully interfered with those rights by terminating his employment in violation of public policy and with the intent of

causing him personal harm and injury to his reputation and rights of continued employment.

153.     As a consequence, the Defendants have, as a matter of public policy, interfered with and wrongfully terminated the Plaintiff's employment. Said termination was wrongful and intentional and done through improper motives and means so as to cause Plaintiff to sustain harm and damages as a result of their actions.

154.     The Defendants have continued to violate the Plaintiff's rights of continued employment by publicly making false statements regarding the Plaintiff and holding him up to ridicule and scorn within the community, and by failing and otherwise refusing to reinstate him to the Plaintiff's position as a member of the Somerville Police Department. As a result of said actions, the Plaintiff has sustained significant financial and emotional damages as further described above.

WHEREFORE, Plaintiff demands judgment against all Defendants in an amount this Court deems just and appropriate with interest, cost of this action including attorneys' fees.

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY DEFENDANTS
## V. ALL DEFENDANTS

155.     The Plaintiff hereby restates and incorporates by reference all of the previous allegations made in the above stated paragraphs in this complaint.

156.     The Defendants, by their actions stated above have negligently caused the infliction of emotional distress upon the Plaintiff.

157.     A reasonable and prudent person and/or entity in the same or similar circumstances as Defendants would know or should have known that Plaintiffs emotional distress was a foreseeable result of this extreme and outrageous conduct.

158.     As a result of the above-described actions, Plaintiff has suffered substantial damages, including lost salary and benefits, damage to his career and emotional distress.

## COUNT VII
## DEFAMATION AND SLANDER
## V. DEFENDANT JOSEPH CURTATONE and DAVID FALLON

1.     Plaintiff hereby incorporates each and every allegation in the preceding paragraphs of this Complaint as if set forth in full herein.

2.     Defendants published and/or otherwise communicated written and oral statements concerning the Plaintiff that were defamatory per se and false causing the Plaintiff to suffer emotional distress and economic loss and the Defendants acted with actual or reckless disregard for the truth in publishing the statements about Plaintiff.

3.     As a result of the defamatory statements made by the Defendants as stated above, the Plaintiff was caused to suffer great emotional distress and economic losses and was forced to

defend himself against the defamatory comments which were made by the Defendants in order to destroy his reputation and interfere with his employment and career as a police officer.

4.    WHEREFORE, plaintiff demands judgment against the Defendants, together with interest and costs, punitive damages and attorney's fees.

THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS.

WHEREFORE, the Plaintiff, Dante DiFronzo, respectfully requests that this Court:

1. Enter judgment in his favor on each Count of this Complaint:

2. Reinstate the Plaintiff to the same employment position which he previously held with the Somerville Police Department:

3. Award the Plaintiff compensatory damages, including, but not limited to, loss of pay and emotional distress damages:

4. Award the Plaintiff his costs and attorneys' fees:

5. Award the Plaintiff multiple and/or punitive damages; and

6. Award the Plaintiff such other relief as this Court deems just, equitable and appropriate.

Respectfully submitted,
For Dante DiFronzo
By his attorney,

LAW OFFICES OF TIMOTHY M. BURKE

_/s/ Timothy M. Burke_
Timothy M. Burke, Esq., BBO # 065720
117 Kendrick Street, Suite 300
Needham, MA 02494
(781) 455-0707



MIDDLESEX, SS.   **Commonwealth of Massachusetts**
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this Ninth day of June, 2021.

Deputy Assistant Clerk





**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Public Docket Report**

### 2181CV00679 Difronzo, Dante A vs. City Of Somerville et al

| | |
|---|---|
| **CASE TYPE:** Torts | **FILE DATE:** 03/26/2021 |
| **ACTION CODE:** B15 | **CASE TRACK:** F - Fast Track |
| **DESCRIPTION:** Defamation | |
| **CASE DISPOSITION DATE:** | **CASE STATUS:** Open |
| **CASE DISPOSITION:** Pending | **STATUS DATE:** 03/26/2021 |
| **CASE JUDGE:** | **CASE SESSION:** Civil H Rm 710 |

| PARTIES |
|---|

| | |
|---|---|
| **Plaintiff**<br>Difronzo, Dante A<br>48 Teele Avenue<br>Somerville, MA 02144 | **Attorney**      065720<br>Timothy Michael Burke<br>Law Offices of Timothy M Burke<br>Law Offices of Timothy M Burke<br>117 Kendrick St<br>Suite 300<br>Needham, MA 02494<br>Work Phone (781) 455-0707<br>Added Date: 03/26/2021 |
| **Defendant**<br>City Of Somerville<br>93 Highland Avenue<br>Somerville, MA 02143 | |
| **Defendant**<br>Cotter, IN His Individual And Official Capacity, Bernard<br>220 Washington Street<br>Somerville, MA 02143 | |
| **Defendant**<br>Curtatone, IN His Individual And Official Capacity,<br>Joseph<br>93 Highland Avenue<br>Somerville, MA 02143 | |
| **Defendant**<br>Fallon, IN His Individual And Official Capacity, David<br>220 Washington Street<br>Somerville, MA 02143 | |



CRTR2709-CR

**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Public Docket Report**

## FINANCIAL DETAILS

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|------|-------------------------|----------|------|-----------|---------|
| 03/26/2021 | Civil Filing Fee (per Plaintiff) | 240.00 | 240.00 | 0.00 | 0.00 |
| 03/26/2021 | Civil Security Fee (G.L. c. 262, § 4A) | 20.00 | 20.00 | 0.00 | 0.00 |
| 03/26/2021 | Civil Surcharge (G.L. c. 262, § 4C) | 15.00 | 15.00 | 0.00 | 0.00 |
| 04/28/2021 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b | 20.00 | 20.00 | 0.00 | 0.00 |
| | **Total** | **295.00** | **295.00** | **0.00** | **0.00** |

## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|------|-----|-------------|-------|
| 03/26/2021 | 1 | Complaint electronically filed. | |
| 03/26/2021 | 2 | Civil action cover sheet filed. | |
| 03/26/2021 | | Case assigned to: DCM Track F - Fast Track was added on 03/26/2021 | |
| 03/26/2021 | | EDocument sent: A Tracking Order was generated and sent to: Plaintiff, Attorney: Timothy Michael Burke, Esq. attytmb@aol.com | |
| 05/19/2021 | 3 | Service Returned for Defendant Curtatone, IN His Individual And Official Capacity, Joseph: Service made in hand; 5/11/2021. 93 HIGHLAND AVE FLOOR SOMERVILLE, MA 02143 | |
| 05/19/2021 | 4 | Service Returned for Defendant City Of Somerville: Service made in hand; 5/11/2021. 93 HIGHLAND AVE 1ST FLOOR SOMERVILLE, MA 02143 | |
| 05/24/2021 | 5 | Service Returned for Defendant Fallon, IN His Individual And Official Capacity, David: Service made at last and usual; at 59 Tyler Avenue Medford, MA 02155 on 05/18/2021. | |
| 05/28/2021 | 6 | Service Returned for Defendant Cotter, IN His Individual And Official Capacity, Bernard: Service made at last and usual; on 5/20/21, at 49 Riverside Drive, Reading, MA 01867 | |

MIDDLESEX, SS.     *Commonwealth of Massachusetts*
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file
and of record made by photographic process, I hereunto
set my hand and affix the seal of said Superior Court
this Ninth day of June, 2021.

Deputy Assistant Clerk



| CIVIL ACTION COVER SHEET | DOCKET NUMBER  2181CU679 H | Trial Court of Massachusetts  The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Dante A. DiFronzo | COUNTY |
|---|---|---|
| ADDRESS: | 48 Teele Avenue, Somerville, MA 02144 | Middlesex |

DEFENDANT(S): City of Somerville, et al.

| ATTORNEY: | Timothy M. Burke, Esq. | | |
|---|---|---|---|
| ADDRESS: | 117 Kendrick Street, Suite 300, Needham, MA 02494 | ADDRESS: | 93 Highland Avenue, Somerville, MA 02143 |

BBO:     065720

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B15 | Defamation | A | ☒ YES   ☐ NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ............................................................................................. $ _____
    2. Total doctor expenses ............................................................................................... $ _____
    3. Total chiropractic expenses ....................................................................................... $ _____
    4. Total physical therapy expenses ..................... 3/26/2021 ..................................... $ _____
    5. Total other expenses (describe below) ...................................................................... $ _____

**RECEIVED**

    Subtotal (A): $ _____
B. Documented lost wages and compensation to date ...................................................... $ 250,000.00
C. Documented property damages to dated ...................................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ..................................... $ 500,000.00
E. Reasonably anticipated lost wages ............................................................................... $ 500,000.00
F. Other documented items of damages (describe below) ................................................. $ _____
Emotional distress

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

    TOTAL (A-F): $ 1,250,000.00

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

    TOTAL: $ _____

Signature of Attorney/Pro Se Plaintiff: X _____     Date: Mar 26, 2021

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____     Date: Mar 26, 2021

FILED IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

MAY 1 9 2021

3

**Commonwealth of Massachusetts**

CLERK

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2181CV00679

_Derik A. DiFronzo_ , PLAINTIFF(S),

V.

_City of Somerville, et al_ , DEFENDANT(S)

**SUMMONS**

Mayor Joseph Curtatone In his

THIS SUMMONS IS DIRECTED TO _individual and Official Capacity_ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Middlesex Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.   **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.   **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a.   Filing your **signed original** response with the Clerk's Office for Civil Business, _Middlesex_ Court, _200 Trade Center Woburn MA 01801_ (address), by mail or in person, **AND**

   b.   Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _117 Kendrick St, Ste 300 Needham, MA 02494_

3.   **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

4.   **Legal Assistance.**  You may wish to get legal help from a lawyer.  If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings:**  The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___May 3___, 20_21_.

_(signature)_

Michael A. Sullivan
Clerk-Magistrate

**Middlesex Sheriff's Office** • 400 Mystic Ave, 3rd Floor, Medford, MA 02155 • 617-547-1171
**Middlesex, ss.**

May 12, 2021

I hereby certify and return that on 5/11/2021 at 9:10 AM I served a true and attested copy of the SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET, TRACKING ORDER in this action in the following manner: To wit, by delivering in hand to Andrea Revilla, agent, person in charge at the time of service for MAYOR JOSEPH CURTATONE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, at CIT OF SOMERVILLE 93 HIGHLAND AVENUE SOMERVILLE, MA 02143 . Fees: Attest ($5.00) Basic Service Fee ($30.00) Postage and Handling ($3.00) Travel ($1.92) Total: $39.92

_(signature)_

Deputy Sheriff

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

_____, 20___

FILED IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

**MAY 1 9 2021**

*[signature]*
CLERK
MIDDLESEX,SS.

**Commonwealth of Massachusetts**

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2181CV00679

_Dante A. DiFranzo_ , PLAINTIFF(S),

V.

_City of Somerville, et al_, DEFENDANT(S)



**SUMMONS**

THIS SUMMONS IS DIRECTED TO _City of Somerville_ . (Defendant's name)

<u>**You are being sued.**</u>  The Plaintiff(s) named above has started a lawsuit against you.  A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Middlesex Superior_ Court.  **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  <u>**You must respond to this lawsuit in writing within 20 days.**</u>  If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint.  You will also lose the opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.**  To respond to this lawsuit, you must file a written response with the court <u>**and**</u> mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, _Middlesex_ Court, _200 Trade Center Woburn MA 01801_ (address), by mail or in person, **AND**

    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _117 Kendrick St, Ste 300, Needham, MA 02494_

3.  **What to include in your response.**  An **"Answer"** is one type of response to a Complaint.  Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.  Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court.  If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer.  Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit.  If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.**  If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.    **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.    **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___May 3___ , 20 21 .

Michael A. Sullivan
Clerk-Magistrate



**Middlesex Sheriff's Office** • 400 Mystic Ave, 3rd Floor, Medford, MA 02155 • 617-547-1171
**Middlesex, ss.**

May 12, 2021

I hereby certify and return that on 5/11/2021 at 9:10 AM I served a true and attested copy of the SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET, TRACKING ORDER in this action in the following manner: To wit, by delivering in hand to Andrea Revilla, agent, person in charge at the time of service for CITY OF SOMERVILLE, at JOHN J. LONG, CITY CLERK 93 HIGHLAND AVENUE 1ST FLOOR SOMERVILLE, MA 02143 . Fees: Attest ($5.00) Basic Service Fee ($30.00) Postage and Handling ($3.00) Travel ($1.92) Conveyance ($0.90) Total: $40.82

**Deputy Sheriff**

**N.B.**    **TO PROCESS SERVER:**

       PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

_____ , 20___

#5

**Commonwealth of Massachusetts**

MAY 2 4 2021

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2181CV00679

_Donte A. Difranzo_ , PLAINTIFF(S),

V.

_City of Somerville, et al._ , DEFENDANT(S)

**SUMMONS**

THIS SUMMONS IS DIRECTED TO _Chief Daniel Fallon, In his Individual and Official Capacity_ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Middlesex Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, _Middlesex_ Court, _200 Trade Center Woburn, MA 01801_ (address), by mail or in person, **AND**

    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _117 Kendrick St. Ste 300 Needham, MA 02494_

3.  **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.    **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.    **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ____May 3____ , 20 2 .

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS



**Middlesex Sheriff's Office** • 400 Mystic Ave, 3rd Floor, Medford, MA 02155 • 617-547-1171
**Middlesex, ss.**

I hereby certify and return that on 5/18/2021 at 11:29 AM I served a true and attested copy of the SUMMONS, COMPLAINT, **May 19, 2021**
CIVIL ACTION COVER SHEET, TRACKING ORDER in this action in the following manner: To wit, by leaving at the last and usual place of abode of CHIEF DAVID FALLON, IN HIS INDIVIDAL AND OFFICIAL CAPACITY, 59 TYLER AVENUE MEDFORD, MA 02155 . Fees: Attest ($5.00) Basic Service Fee ($20.00) Postage and Handling ($3.00) Travel ($1.92) Conveyance ($0.90) Total: $30.82

Laurie Aufiero
Deputy Sheriff

_____ , 20___

# LAW OFFICES OF TIMOTHY M. BURKE

## BURKE LAW

117 Kendrick Street, Suite 300
Needham, Massachusetts 02494
(781) 455-0707

*Timothy M. Burke*
*Jordan E. Burke*
*Jared S. Burke*

May 21, 2021

Middlesex Superior Court
Civil Clerk's Office
200 Trade Center
Woburn, MA 01801

> **Re:**  ***Dante DiFronzo . City of Somerville, et al.***
> ***Civil Action No.: 2181CV00679***

Dear Sir/Madam,

Enclosed please find for filing a proof of service, with regard to the above referenced matter.

Thank you for your attention to this matter.

Very Truly Yours,

Timothy M. Burke

/jam
Encl.

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2181CV00679 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Difronzo, Dante A vs. City Of Somerville et al | Michael A. Sullivan, Clerk of Court Middlesex County |
|---|---|

| TO: File Copy | COURT NAME & ADDRESS Middlesex County Superior Court – Woburn 200 Trade Center Woburn, MA 01801 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                  DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 06/24/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 07/26/2021 | |
| All motions under MRCP 12, 19, and 20 | 07/26/2021 | 08/23/2021 | 09/22/2021 |
| All motions under MRCP 15 | 07/26/2021 | 08/23/2021 | 09/22/2021 |
| All discovery requests **and depositions** served and non-expert depositions completed | 01/20/2022 | | |
| All motions under MRCP 56 | 02/21/2022 | 03/21/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 07/19/2022 |
| Case shall be resolved and judgment shall issue by | | | 03/27/2023 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 03/26/2021 | ASSISTANT CLERK Dia S Roberts-Tyler | PHONE (781)939-2745 |
|---|---|---|

Date/Time Printed: 03-26-2021 14:04:04                                                    SCV026\ 08/2018

# LAW OFFICES OF TIMOTHY M. BURKE

**BURKE LAW**
117 Kendrick Street, Suite 300
Needham, Massachusetts 02494
(781) 455-0707

*Timothy M. Burke*
*Jordan E. Burke*
*Jared S. Burke*

May 14, 2021

FILED IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

MAY 19 2021

*[signature]*
CLERK

Middlesex Superior Court
Civil Clerk's Office
200 Trade Center
Woburn, MA 01801

    ***Re:***    ***Dante DiFronzo . City of Somerville, et al.***
        ***Civil Action No.: 2181CV00679***

Dear Sir/Madam,

    Enclosed please find for filing two (2) proofs of service, with regard to the above referenced matter.

    Thank you for your attention to this matter.

               Very Truly Yours,

               *[signature]*

               Timothy M. Burke

/jam
Encl.

# Brody, Hardoon, Perkins & Kesten, LLP

## Attorneys at Law

Richard E. Brody
Laurence E. Hardoon
Samuel Perkins
Leonard H. Kesten
Jocelyn M. Sedney
Jeremy I. Silverfine
Thomas R. Donohue
Gregor A. Pagnini
Evan C. Ouellette
Michael Stefanilo, Jr.

699 Boylston Street
Boston, Massachusetts 02116
Telephone 617 880 7100  Facsimile 617 880 7171

www.bhpklaw.com

Erica L. Brody
Allison L. O'Connell

OF COUNSEL
Hon. Paul A. Chernoff (Ret.)
Deidre Brennan Regan
Andrew A. Rainer
Naomi R. Stonberg

May 26, 2021

***VIA FEDERAL EXPRESS: 8166 9960 5012***



Civil Clerk's Office
Middlesex Superior Court
200 Trade Center
Woburn, MA 01801

Re:     Dante A. Difronzo v. City Of Somerville et al
        Docket No. 2181CV00679

Dear Sir/Madam:

Enclosed please find the following for docketing and filing with reference to the above-referenced matter:

1.     Written Notice of Removal to Federal Court Pursuant to 28 U.S.C. §1446(D); and

2.     A certified copy of the Notice of Removal of Action from State Court filed with the Federal Court.

Kindly forward certified copies of the documents on file with the Superior Court and a certified copy of the docket sheet to my attention as soon as possible. If there is a charge for this request, please contact my assistant, Eryn Ryan.

Thank you for your attention and cooperation in this matter. If you have any questions, please contact me.

Very truly yours,

Michael Stefanilo, Jr.

MS/emr
Enclosures

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 21-10867

|  |  |
|---|---|
| DANTE A. DIFRONZO, <br>     Plaintiff, | ) <br> ) <br> ) <br> ) |
| VS. | ) <br> ) |
| CITY OF SOMERVILLE, <br> MAYOR JOSEPH CURTATONE, <br> CHIEF DAVID FALLON, and <br> CAPTAIN BERNARD COTTER <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **DEFENDANTS' NOTICE OF REMOVAL**
## **OF ACTION FROM STATE COURT**

Pursuant to 28 U.S.C. §1441(c) and 1446 the Defendants' petition for removal of this action to the United States District Court for the District of Massachusetts. As grounds therefore, the Defendants' state as follows:

1.    On or about March 26, 2021, the Plaintiff filed this suit in the Middlesex Superior Court, Civil Action No. 2181CV00679.

2.    On or about May 11, 2021, the Plaintiff's complaint was served upon the Defendant, City Of Somerville. Attached as Exhibit A is a copy of the Plaintiff's Complaint and summons, which was served upon the Defendants.

3.    In the complaint, the Plaintiff alleges Federal Civil Rights Violations pursuant to 42 U.S.C. Section 1983.

4.    Because this matter is an action arising under federal law of which this Court has original jurisdiction, as authorized by 28 U.S.C. §1331, it is subject to removal under 28 U.S.C. §1441(c).

5.      This Notice of Removal is being filed within the time period required by law,

28 U.S.C. §1446(b).

Respectfully submitted,
The Defendants,
By their attorneys,


/s/ Michael Stefanilo, Jr.
Leonard H. Kesten, BBO# 542042
Michael Stefanilo, Jr., BBO# 684500
BRODY, HARDOON, PERKINS &KESTEN,LLP
699 Boylston Street, 12th Floor
Boston, MA 02116
(617) 880-7100
lkesten@bhpklaw.com
mstefanilo@bhpklaw.com

Dated:  5/25/21


## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.


/s/ Michael Stefanilo, Jr.
Michael Stefanilo, Jr., BBO #684500

Dated:  5/25/21



Certified to be a true and
correct copy of the original
Robert M. Farrell, Clerk
U. S. District Court
District of Massachusetts
By: _____
Deputy Clerk

Date: 05/26/2021

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                   SUPERIOR COURT DEPT.
                                                CIVIL ACTION NO. 2181CV00679

```
                                    )
DANTE A. DIFRONZO,                  )
        Plaintiff,                  )
                                    )
VS.                                 )
                                    )
CITY OF SOMERVILLE,                 )
MAYOR JOSEPH CURTATONE,             )
CHIEF DAVID FALLON, and             )
CAPTAIN BERNARD COTTER              )
        Defendants.                 )
                                    )
```

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

MAY 2 7 2021

CLERK

## WRITTEN NOTICE OF REMOVAL TO
## FEDERAL COURT PURSUANT TO 28 U.S.C. §1446(d)

A Notice of Removal of the above-captioned action from the Superior Court of the Commonwealth of Massachusetts, Middlesex County, to the United States District Court for the District of Massachusetts (a copy of which Notice is filed herewith) was duly filed on May 25, 2021 in the United States District Court for the District of Massachusetts. A copy of the Notice of Removal, certified by the United States District Court for the District of Massachusetts, having been duly filed with the Clerk for the Superior Court of the Commonwealth of Massachusetts, Middlesex County, in accordance with 28 U.S.C. §1446(d), the Superior Court shall proceed no further herein unless and until the case is remanded.

*[signatures on the next page]*

Respectfully submitted,
The Defendants,
By their attorneys,

*Michael Stefanilo, Jr.*

Leonard H. Kesten, BBO# 542042
Michael Stefanilo, Jr., BBO# 684500
BRODY, HARDOON, PERKINS &KESTEN,LLP
699 Boylston Street, 12th Floor
Boston, MA 02116
(617) 880-7100
lkesten@bhpklaw.com
mstefanilo@bhpklaw.com


Dated:  5/25/21