UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 21-10867

|  |  |
|---|---|
| DANTE A. DIFRONZO, <br>     Plaintiff, | ) <br> ) <br> ) <br> ) |
| v. | ) <br> ) |
| CITY OF SOMERVILLE, <br> MAYOR JOSEPH CURTATONE, <br> CHIEF DAVID FALLON, and <br> CAPTAIN BERNARD COTTER <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' CITY OF SOMERVILLE'S, MAYOR JOSEPH CURTATONE'S,
CHIEF DAVID FALLON'S, AND CAPTAIN BERNARD COTTER'S
LOCAL RULE 16.1 STATEMENT**

Pursuant to Fed. R. Civ. P. 16 and 26, and Local Rule 16.1, the Defendants, City of

Somerville, Joseph Curtatone, David Fallon, and Bernard Cotter (collectively, "Defendants")

submit this Statement in accordance with L.R. 16.1(d). The Defendants attempted to confer with

the Plaintiff on July 29, 2021, and again on August 4, 2021, concerning discovery and scheduling.

The Plaintiff responded on August 5, 2021 and August 9, 2021, but those responsive emails were

routed into defense counsel's SPAM folder. Having not heard back from the Plaintiff, the

Defendants prepared their own statement and schedule for consideration at the upcoming

Scheduling Conference. To the extent there are differences in the parties' proposed schedules, the

Defendants believe that using a nine (9) month discovery plan, with the other dates set accordingly

is appropriate for this action, and will try again to connect with counsel of the Plaintiff. The

Defendants do not anticipate that phased discovery is necessary and believe that no interim

deadlines are required. Finally, the additional time set for discovery and dispositive motions is likely to require less court extensions.

## I.     Defendant's Summary of the Action

The City terminated Mr. DiFronzo on May 8, 2018 for egregious misconduct that the City maintains violated his most basic obligations as a law enforcement officer. In early 2018, Mr. DiFronzo was the subject of a disciplinary hearing conducted pursuant to M.G.L. c. 31, § 41 before Attorney Peter Barry, whose report and findings recommended termination for multiple violations of the Rules and Regulations of the Somerville Police Department, including assisting a known violent criminal in locating a third-party after the aforementioned criminal had reported to DiFronzo that he intends to give "the m…..f…er a beating." That third-party did in fact suffer serious bodily injury after he was found and stabbed multiple times by a machete, in part as a result of DiFronzo's actions.

The Plaintiff's Union grieved the City's dismissal of DiFronzo and an arbitrator conducted a full arbitration. In his Decision, issued on June 4, 2021, the Arbitrator found that DiFronzo had in fact engaged in most of the misconduct for which the City discharged him, but labeled it "poor judgment." Nonetheless, in an unprecedented decision, the Arbitrator found that there was just cause to suspend DiFronzo *without pay or benefits for three (3) years*. Nevertheless, he ordered the City to reinstate DiFronzo to the position of detective on the condition that DiFronzo complete training in the use of street sources and how to write police reports. He ordered the City to provide the training. The Arbitrator's decision is the subject of an appeal in Suffolk County Superior Court. At the very least, reinstating DiFronzo violates the most fundamental tenets of well-defined public policy involving the conduct of law enforcement officials, while reinstating him into a "detective" position outright violates the law. The aforementioned civil action remains pending at this time.

After the Arbitrator's decision was rendered, the Middlesex District Attorney Office issued an updated *Brady* letter indicating that it would not call Mr. DiFronzo as a witness in any criminal prosecutions barring extraordinary circumstances. In light of this pronouncement, Mr. DiFronzo is presently on paid administrative leave while the City evaluates its options as to his continued employment.

Just prior to the statute of limitations expiring, the Plaintiff filed the instant action in Superior Court, which the Defendants subsequently removed to this court [ECF No. 1]. An answer was filed on July 9, 2021 [ECF No. 12]. In the above-captioned matter, the Plaintiff alleges claims against all Defendants for violations of due process, and legal theories that sound in contract, intentional torts, and defamation. The Defendants expect to challenge all of these claims on both procedural and/or substantive grounds and expect many (if not all) to be disposed of on summary judgment.

## II.    **Proposed Pre-Trial Schedule**

The Defendants propose the following schedule for pleadings, discovery, and motions, and ask that the Court be available by letter to informally resolve discovery disputes in order to avoid the necessity of engaging in costly motion practice:

| **Event** | **Schedule** |
| --- | --- |
| Initial Rule 26(f) Conference | To be held within seven (7) days of the Scheduling Conference on August 10, 2021, to the extent necessary and not already waived by the Plaintiff. |
| Service of Rule 26(a) Initial Disclosures | To be made within fourteen (14) days of the Scheduling Conference on August 10, 2021. *Defendants have already made their initial disclosures.* |
| Close of Fact Discovery | 9 months after Commencement of Discovery on August 10, 2021 or May 10, 2022 |
| Affirmative Expert Reports Exchanged | 6 weeks after Close of Fact Discovery or June 21, 2022 |

| | |
|---|---|
| Rebuttal Expert Reports Exchanged | 8 weeks after Affirmative Expert Reports Exchanged or August 16, 2022 |
| Close of Expert Discovery | 8 weeks after Rebuttal Expert Reports Exchanged or October 11, 2022 |
| Filing of Rule 56 Motions | 8 weeks after Close of Expert Discovery or December 6, 2022 |
| Oppositions to Rule 56 Motions Due | 4 weeks after Filing of Rule 56 Motions or January 23, 2023 |
| Rule 56 Replies Due | 2 weeks after Oppositions to Rule 56 Motions Due or January 17, 2022 |
| Final Pretrial Conference | Date to be determined by the Court |
| Trial | Date to be determined by the Court |

### III.     Proposed Discovery Plan

#### A. Rule 26(a) Disclosures

| | |
|---|---|
| Initial Rule 26(f) Conference | To be held within seven (7) days of the Scheduling Conference on August 10, 2021, to the extent necessary and not already waived by the Plaintiff |
| Service of Rule 26(a) Initial Disclosures | To be made within fourteen (14) days of the Scheduling Conference on August 10, 2021. *Defendants have already made their initial disclosures.* |

#### B. Subjects on Which Discovery May Be Needed

Due to the amount of discovery shared in the arbitration proceeding, written discovery should be minimal and the Defendants suggest that there is no reason to stray from the discovery limits of L.R. 26.1(C). As the Plaintiff has been reinstated with pay, after the conclusion of an arbitration proceeding that was governed by a collective bargaining agreement, his claims for a lack of due process are either moot or legally deficient, or both.

The Defendant's require discovery on the exact date and nature of the alleged defamatory statements, as issues of privilege and the statute of limitations might be implicated.

The Plaintiff cannot sue the City for intentional torts under Chapter 258, Section 10(c). Those counts will fall.

The Plaintiff's negligence claim also fails for lack of presentment and cannot be alleged against the individual defendants in their official capacities.

At the close of discovery, the Defendants anticipate filing a motion under Rule 56 that will be dispositive of all claims against all defendants.

## C. Electronically Stored Information

The Defendants do not anticipate substantial discovery of electronically stored information, as the events at issue in this action have, by and large, been discovered as part of the arbitration proceeding. The Defendants agree to confer further on this issue as needed.

## D. Claims of Privilege and Protection of Trial Preparation Materials

The Defendants intend to submit a proposed protective order or confidentiality agreement that will address these issues, among others.

## E. Proposed Changes in the Limitations on Discovery Imposed under the Federal Rules of Civil Procedure or Local Rules

None at this time.

## F. Proposed Orders the Court Should Issue Under Rule 26(c) or Under Rule 16(b) and (c)

None at this time.

## IV. Trial by Magistrate Judge

At this time, the Defendants are amenable to trial by a magistrate judge.

## V. Certifications

The Defendants will separately file their certifications pursuant to Local Rule 16.1(d)(3).

Respectfully submitted,

The Defendants,
By their attorneys,


*/s/ Leonard H. Kesten*
Leonard H. Kesten, BBO# 542042
Michael Stefanilo, Jr., BBO# 684500
BRODY, HARDOON, PERKINS & KESTEN, LLP
699 Boylston Street, 12th Floor
Boston, MA 02116
(617) 880-7100
lkesten@bhpklaw.com
mstefanilo@bhpklaw.com

Dated: August 9, 2021


## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.


*/s/ Leonard H. Kesten*
Leonard H. Kesten, BBO# 542042

Dated: August 9, 2021