UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANTE A. DIFRONZO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) 21-10867-FDS |
| | ) |
| CITY OF SOMERVILLE, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER ON DEFENDANTS' MOTION FOR JUDGMENT
### AS A MATTER OF LAW OR FOR A NEW TRIAL

SAYLOR, C.J.

On October 23, 2024, the jury in this case returned a verdict in plaintiff's favor on his claims of First Amendment retaliation and tortious interference with an advantageous relationship. (ECF 99). The jury awarded plaintiff $800,000 in damages, $500,000 of which it attributed to plaintiff's continued suspension after a 2021 arbitration decision ordered him reinstated. (*Id.*). Defendants moved for judgment as a matter of law at the close of the evidence, and renewed their motion after the jury's verdict. In the alternative, they move for a new trial.

Defendants object primarily to the Court's decision to allow testimony and evidence about the 2021 arbitration decision. Defendants ground this objection first in plaintiff's failure to amend his pleadings to include allegations of post-2021 conduct by defendants. It is true, as a general matter, that pleadings must be amended in order to assert new claims or defenses. However, new developments, or new facts relevant to claims alleged in an original complaint, are routinely adduced through discovery and trial testimony. A common example is the ongoing occurrence of damages (such as medical expenses) arising from a personal injury.

Here, plaintiff did not amend the pleadings, instead electing to present post-2021

evidence to the jury as part of an ongoing harm arising from the claim he initially pleaded, rather than as an independent claim. And at trial, defendant Curtatone's testimony on cross-examination provided a link between his 2021 decision not to reinstate plaintiff and plaintiff's prior, protected conduct. (Tr. Transcript Day 5 at 54). Defendants were free, on redirect, to challenge or contextualize that testimony, and did not. A reasonable jury could therefore award damages for harm arising in and after 2021 as a result of defendant Curtatone's conduct.

Defendants also challenge the introduction of any evidence of the arbitrator's decision, and the Court's instructions limiting the purposes for which the jury could consider this evidence. That issue was appropriately addressed by the Court's repeated, detailed limiting instructions explaining the differences between the two proceedings. (Tr. Day 2 at 74-75; Tr. Day 3 at 153). No miscarriage of justice arose from introducing this evidence subject to those instructions.

Defendants also suggest they are entitled to judgment as a matter of law because the timing of their actions precludes them from retaliating against plaintiff for protected conduct. However, the jury heard evidence of several decisions defendants made—including a substantial deviation from standard procedure—after plaintiff engaged in protected conduct. A reasonable jury therefore could find in plaintiff's favor on the claims of First Amendment retaliation and, by extension, tortious interference with an advantageous relationship.

Accordingly, defendants' motion for judgment as a matter of law or, in the alternative, for a new trial, is DENIED.

**So Ordered.**

Dated: January 16, 2025

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court